PEOPLE ex rel. FREY v. WARDEN N. Y. CO. JAIL. 393

First Department, January Term, 1885.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. MORRIS FREY, v. THE WARDEN OF THE COUNTY JAIL OF NEW YORK COUNTY and the ELEVENTH REGIMENT, N. G., S. N. Y.

Habeas corpus—*what questions may be examined upon the return—questions settled by a court-martial cannot be re-examined.*

Where, upon the return to a writ of *habeas corpus,* it appears that the relator is held for the non-payment of a fine duly imposed by a court-martial, regularly convened and held, the court will not review the evidence taken before the court-martial and decide upon its sufficiency.

Appeal from an order made at chambers dismissing a writ of *habeas corpus.*

*Isaac L. Sink,* for the relator, appellant.

*Horatio C. King,* for the respondents.

Daniels, J.:

The relator was charged with failure to attend drill parade, which, by the Military Code, is made an offense for which he was liable to punishment. (Laws of 1883, ch. 299, p. 451, § 123.) To try the charge of such delinquency the commander of the regiment or battalion was empowered to appoint one officer in his command to hold a delinquency court. (Id. 446, § 104.) And he was empowered to summon the delinquent and try the charge. (Id. § 112.) His sentence was directed to be, without delay, delivered to the officer ordering the court, for his approval or disapproval; notice of which was further directed to be given to the person proceeded against. And from the sentence imposing a fine an appeal has been provided, on the hearing of which further evidence could be taken. (Id. §§ 117, 118.) And if that shall not be taken, then, within twenty days after the expiration of the time for taking it, a warrant is to be issued for the collection of the fine imposed, upon which, in default of payment or property from which it can be collected, the delinquent is to be imprisoned in the county jail for the time mentioned in section 127 of the act.

These directions seem to have all been fully observed, and the relator was regularly tried, convicted and fined. But it is proposed

394 PEOPLE ex rel. FREY v. WARDEN N. Y. CO. JAIL.

First Department, January Term, 1885.

now to re-examine the evidence submitted to the delinquency court on which its judgment was pronounced, and as that is considered defective to direct the discharge of the relator. The court has been given no such power by the statute providing for and regulating the proceedings upon the writ of *habeas corpus*. But where as in this case there has been a legal trial and judgment, it has, on the other hand, directed the prisoner to be remanded to prison. (Code Civil Procedure, §§ 2032, 2033.) If the evidence in these cases can be reviewed and the relator discharged when it may be deemed insufficient, it can, with equal propriety, be reviewed in all other cases of imprisonment. And that surely will be in conflict with the statute. If the evidence was not permitted to have its full weight and effect on the mind of the officer holding the court, the remedy for the correction of his error was the appeal provided by the Military Code, not by means of a writ of *habeas corpus*.

The order should be affirmed.

Davis, P. J. :

When it appeared on the return to the writ of *habeas corpus* that the petitioner had been summoned, tried and convicted of the alleged delinquency in the manner and form prescribed by law, it was the duty of the court below to remand him, and leave him to review the proceedings against him by some other process or remedy. The court or judge on such a proceeding as this does not sit as a court of review to retry the case, or to pass upon the sufficiency of the evidence given on the trial.

I concur with my brother Daniels that the order should be affirmed.

Brady, J. :

The relator sought, in this proceeding, to be relieved from the payment of a fine imposed by a court-martial for various reasons, but chiefly because when he enlisted he was a minor, and had not obtained his father's consent. He seems, however, to have been guilty of deceit in presenting an apparent consent of his father to his enlistment. When the respondents, the Eleventh Regiment, answered, they set up the facts confirming jurisdiction to impose the fine, including the enlistment and the consent already mentioned. The relator, in response, denied that the consent had been

obtained, as well as other facts in the return, and thus a traverse was presented. No proof relating to any of the issues was taken save the affidavit of the relator's father, in which he asserts positively that he did not consent to his son's enlistment, and further, that on discovering in his house his son's uniform, he immediately took it to the armory of the regiment mentioned, and left it there, stating at the same time to the person to whom he delivered it the reason why he returned it. Under section 2039 of the Code, the practice imposes upon the judge conducting the proceeding, if it be insisted upon when a material fact is put on issue, the duty of hearing the evidence in a summary way and disposing of the same. Doubtless, here the controversy was submitted on the papers before us, it not appearing that any request was made for a further or other examination of the disputed facts, or any of them. The learned justice below seems to have regarded the asseveration of the father evasive. He said : "It is true that he denied that he ever consented, but I do not understand him to allege that his signature to the consent is a forgery." And he decided, therefore, that the enlistment was legal. It is thought that this was an erroneous view of the effect of the affidavit of the father. He swore positively that he had not consented to his son's enlistment, and this necessarily involved a denial of his having signed the consent produced, and he added further, in corroboration of his denial, that on discovering his son's uniform he immediately returned it to the armory. This act was not denied or questioned, and had a very important bearing on the question at issue. His attention, for aught that appears, was not called to the consent, and it must be presumed, on his statement, that he would have denied having given it. It was not necessary for him to aver his signature, forming a part of it, to be a forgery. The result is that, on the proof submitted, the enlistment was illegal (Military Code, 1883, art. 6, § 40), and there was consequently no power to impose a fine.

The proceeding of the court-martial should be set aside, the order appealed from reversed, and the relator discharged.

Order affirmed.